# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| DAMON ELIJAH GARDNER, | * |
| Plaintiff, | * |
| vs. | * CIVIL ACTION NO.: 16-00586-CG-B |
| PRODUCER'S GIN COMPANY, LLC, *et al.*, | * |
| Defendant. | * |

## REPORT AND RECOMMENDATION

Plaintiff Damon Elijah Gardner filed a complaint seeking relief under 42 U.S.C. § 1983. (Doc. 1). This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72(a)(R) for appropriate action. Because Plaintiff has failed to comply with the Court's order dated January 10, 2017 (doc. 3), and has not provided a sufficient explanation for his failure to do so, it is recommended that this action be dismissed without prejudice.

Plaintiff, who lists his address as the Mobile Work Release, commenced this action by filing a document titled "Affidavit, Felony Complaint and Civil Complaint". (Doc. 1). As best the Court can discern, Plaintiff is alleging various violations in connection with his alleged employment presumably secured through the Mobile Work Release Program. In an order dated January 10, 2017 (doc. 3), the court directed Plaintiff to file his complaint on the court's form

for prisoner actions under 42 U.S.C. § 1983 no later than February 10, 2017. (Doc. 3). Plaintiff was also directed to pay the statutory filing fee by February 10, 2017, or in lieu thereof, to file a motion to proceed without prepayment of fees by said deadline. (Id.). Plaintiff was cautioned that if he elected not to comply with the order within the prescribed time, this action would be dismissed for failure to prosecute and to obey the Court's order.

After Plaintiff failed to comply with the Court's order dated January 10, 2017, the Court, on March 7, 2017, issued an order directing Plaintiff to show cause why this action should not be dismissed for failure to comply with the Court's earlier order. (Doc. 7). Plaintiff filed two written responses.(Docs. 8, 9). Both documents are nonsensical and fail to address why Plaintiff has not filed a complaint on the Court's required form and paid the filing fee, or in lieu thereof, filed a motion to proceed without prepayment of fees. (Id.).

Due to Plaintiff's failure to comply with the Court's order dated January 10, 2017 (doc. 3) and his failure to show cause for his noncompliance, and upon consideration of the alternatives available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Courts are vested with the inherent authority "to manage their own affairs so

as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962). The court's authority to dismiss an action *sua sponte* for lack of prosecution or failure to obey an order of the court is considered an inherent power of the court. Id. at 630, 82 S.Ct. at 1389. Thus, "the court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Servs., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed.R.Civ.P. 41(b)); see generally Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015) (discussing the different sources of authority for dismissals); Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005) (discussing dismissals pursuant to the court's inherent powers and Rule 41(b)). In light of Plaintiff's stubborn refusal to comply with the Court's directives, and the lack of lesser sanctions, the undersigned recommends that this action be dismissed without prejudice.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); **Fed.R.Civ.P.**

72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **17th** day of **April, 2017.**

                                        **/S/SONJA F. BIVINS**
                                    **UNITED STATES MAGISTRATE JUDGE**